34,395-26

Ex Parte: Michael Whaler
- In The Court of Criminal of Appeals of Texas
- P.O. Box 12308 Capitol Station
- Austin, Texas 78711

Notice and Service of Applicant's Petition
For Writ of Mandamus

This document contains some pages that are of poor quality at the time of imaging.

To The Honorable Judge(s) of the above said court; Notice and Service is hereby given and made that the attached Writ of Mandamus and Motion For Leave to File has been filed in the Court of Criminal Appeals against Said Authority for failing to Perform Ministerial Duties under Article 11.07 Sec. 3 et-seq., Rule 201 et.seq. of Tex. R. of Evidence, and Code of Judicial Conduct Canon 3·B·(8) along with ...

Tex. Rules of Courts Vol. I.- state .... Rules of Appellate Procedure Proceedings in the Court of Criminal Appeals Rule 73.5 Time Frame for Resolution of claims Raised in Application.-

/RECEIVED IN COURT OF CRIMINAL APPEALS

MAR 17 2015

Abel Acosta, Clerk

Within 180 days from the date of receipt of the application by the State, the Convicting Court shall resolve any issues that court has timely designated for resolution. Any. Motion for extension of time must be filed in the Court of Criminal Appeals before the expiration of the 180 day period.

Mailed on: 3 / 10 /2015

Respectfully Notified.

Served: Michael W Whaler

Michael Whaler
#645333

# In The Court of Criminal Appeals
of Texas

Writ No. _____

clerks Duty

Michael Whaley # 645333
Relator · Applicant

V.

Judge. P.O. Box 12308 Capitol Station, Austin, Texas 78711
Court of Criminal of Appeals of Texas

Before this Court in a Motion For Leave to File a /an Original Application
for Writ of Mandamus from The Court of Criminal of Appeals of Texas.
P.O. Box 12308 Capitol Station, Austin, Texas 78711
   Writ of Habeas Corpus Cause Number:

Tr. Ct. No. W91-45041-S (G). WR-34,395-23
Tr. Ct. No. W92-36477-S (F). WR-34.395-24
Tr. Ct. No. W93-01488-S (F). WR-34.395-25

<u>Motion For Leave to File the attached Writ of Mandamus:</u>
  To The Honorable Judges of the Texas Court of Criminal Appeals:
Comes Now Respectful Relator: Michael Whaley # 645333
This Motion For Leave to File the attached Writ of Mandamus. In
Support the Relator will show as following (s):

## I.

(1.) The Relator filed a motion for Judicial Notice of Adjudicative Facts and
opportunity to heard in the Court of Criminal of Appeals of Texas.
Pursuant to Rule 201 [A][B][D][E] and [F] of Texas Rules of Evidence
In this Writ of Habeas Corpus Proceeding. Rule 201 [D] Requires a court
shall take Judicial Notice if requested by a party and supplied with the
Necessary information. This is a mandatory duty of the court. 201 [e] entitles
a party to be heard upon timely request.

Pg. 1 of __

The Relator gave Judicially Noticed Facts that are not subject to reasonable dispute which is generally known within the territorial jurisdiction of the trial court which are capable of ready and accurate determination by resort to sources whose accuracy can not be reasonably questioned pursuant to Rule 201[B].

(2.) Relator contends that he filed his motion in said court in the Writ of Habeas Corpus Proceeding, and Respondent Judge has refused to entertain said motion. For these reasons, amongst those others mentioned in the attached mandamus petition.

(3.) When One is held in custody under complaint and seeks release by habeas corpus, it is incumbent upon the state to introduce against him/her sufficient evidence to show probable cause for holding him/her in custody. Please see. Ex Parte Williams, 587 S.W. 2d 391 (Tex. Crim. App. 1979). Please see. Ex Parte Williams, 703 S.W. 2d 674, 678 (Tex. Cr. App. 1986). Please see. Thronton v. State, 601 S.W. 2d 340, 347 (Tex. Cr. App. 1980). Please see. Bender v. State, 758 S.W. 2d 278 (Tex. Cr. App. 1988). Please see. Davis v. State, 773 S.W. 2d 404, 406 (Tex. App. - Fort Worth 1989, Pet. granted) Please see. Enjelking v. State, 750 S.W. 2d 213 (Tex. Cr. App. 1988)

(4.) Tex. Rules App. Proc. Rules 50 (d): Burden is on appellant to see that sufficient record is presented to show error requiring reversal. Tex. Rules App. Proc. Rules 50 (d), 53 (k): Appellant has duty to protect record and bring it forward for Court of Appeals review. Vernon's Ann. Tex. C.C.P. arts. 38.22, 38.22 § 6 Vernon's Ann. Tex. Const. Art.1 § 10; U.S.C.A. Const. Amends. 5, 6, 14: Determination by trial Judge of voluntariness of accused's confession prior to its admission into evidence is both constitutional and statutory requirement and must be manifest of record. the Relator moves this Court grant his motion for Leave to file and issue A writ of Mandamus.

Wherefore, upon all issues presented and considered the Relator pray that this Court grant this motion and instruct the clerk to docket the case and order Respondent to file A/AN answer to the Writ of Mandamus Petition.

Yours Respectfully,

*Michael Whaley*

Michael Whaler
#645333
Barry Telford Unit
3899 St. Hwy #98
New Boston, Tx 75570

## Proposed Court Order

Be it remembered that on the below given date the Relator's Motion
for Leave to File the attached Writ of Mandamus was Granted.
The clerk of this Court shall file the mandamus. Place this case
Upon the court's docket, and serve citation on the Respondent
Instructing Him/Her to file A/An answer within 20 business days
from the date of this court's order.

Date: _____          _____

                              Judges Presiding

# In The Court of Criminal Appeals
## of Texas

Writ No. _____

clerk's Duty

Michael Whaley #645333
Relator

V.

Judge(s), P.O.Box 12308 Capitol Station, Austin, Texas 78711
In The Court of Criminal of Appeals of Texas

Before this Court in A Writ of Mandamus from the Court of Criminal of
Appeals of Texas. P.O.Box 12308 Capitol Station, Austin, Texas 78711.
Writ of Habeas Corpus Proceeding Cause No. Tr.Ct. No. W91-45041-S(G), WR-34,395-23.
No. Tr.ct.No. W92-36477-S (F), WR-34,395-24. No. Tr.ct.No.93-01488-S(F),
WR-34,395-25.

Parties to this Proceeding and
official Representation

(1.) Relator: Michael Whaley #645333
    3899 St. Hwy #98
    New Boston. Tx 75570
    B.T.U.

(2.) Respondent Judge: Honorable Judge(s) of Court of Criminal of Appeals of Texas
    P.O.Box 12308 Capitol Station
    Austin. Texas 78711

Michael Whaley
Michael Whaley
#645333
3899 St. Hwy #98
New Boston. Tx 75570

Pg. 4 of ___

# I.

## Table of Contents

(1.) Motion for Leave to File Writ of Mandamus : at Pg. __1__ of __3__

(2.) Petition for Writ of Mandamus at : at __4__ through __10__

(3.) Table of Contents : at Pg. __5__

(4.) Index of Authorities : at Pg. __5__

(5.) Statement of Jurisdiction : at Pg. __6__

(6.) Statement of Case : at Pg. __6__

(7.) Issues Presented : at Pg. __6__

(8.) Statement of Facts Incorporated with Argument and Authorities : at Pg. __7 - 9__

(9.) Prayer for Mandamus Relief : at Pg. __9__

(10.) Verifications : at Pg. __10__

(11.) Certificate of Service : at Pg. __10__

# II.

## Index of Authorities

(1.) Bender v. State, 758 S.W. 2d 278

(2.) Bounds v. Smith, 97 S.ct. 1491 at 1495

(3.) Code of Judicial Conduct Canon 3·B·(8)

(4.) Davis v. State, 773 S.W. 2d 404, 406

(5.) Engelking v. State, 750 S.W. 2d 213

(6.) Ex Parte Williams, 587 S.W. 2d 391

(7.) Ex Parte Williams, 703 S.W. 2d 674, 678

(8.) North Carolina v. Pearce, 395 U.S. 711, 725

(9.) Tex. Rules App. Proc. Rules 50 (d), 53 (k)

(10.) Tex. Rules App. Proc. C.C.P. Rule arts. 1.15 / arts. 4.04 and 11.04 / art. 11.07 sec. 3 et. seq. / art. 20.19, 20.20, 20.21, 20.20.22 / arts. 38.22 / 73.5

(11.) Tex. R. of Evidence Rule 201 et. seq. [A] [B] [D] [E] [F]

(12.) Thornton v. State, 601 S.W. 2d 340, 347

(13.) U.S.C.A. Const. Amends. 5, 6, 14

## III.

### Statement of Jurisdiction

This court has jurisdiction to Entertain this writ Pursuant to Tex. code Crim. Proc. arts. 4.04 and 11.04 Respectively.

## IV.

### Statement of Case.

Relator was convicted In The District Court Dallas County, Texas 282nd. Judicial District, For Cause No. 91-45041, No. 92-36477, No. 92-36482, No.93-01488 - Be it remembered that on the 9th. of June, A.D. 1993 the above entitled and Numbered Cause came on for hearing before the Honorable Tom Price, Judge of the 282nd. Judicial District Court of Dallas County, Texas without a Jury, and Proceedings were held as follows:

## V.

### Issues Presented.

First Issue Presented: That Relator filed a Motion for Judicial Notice of Adjudicative Facts and opportunity to be heard with the claim of, "No Evidence", arguing Violation of Vernon's Ann. Tex. C.C.P. art. 1.15.

Second Issue (s) Presented: Ineffective Assistance of Counsel by way of, Prejudice which is a Violation of the 6th. (Sixth) Amendment of the Constitution of the United States of America. To bring fourth the Questionnaire why the Relator Counselor Never did argue to Present this "No Evidence" claim during the trial, or through the Appeal Process?

# VI.

## Statements of Facts Incorporated with Argument's and Authorities from the First and Second Issues Presented:

The Relator filed a motion for Judicial Notice of Adjudicative Facts and opportunity to be heard pursuant to Rule 201 of the Texas Rules of Evidence. the Relator points to the Statements of Facts and Trial transcripts of cause Numbers which he was convicted. clearly explains:

The Certificate of Reporter /Wayne H. Olmsted. CCR /282 nd. Judicial District Court / Frank Crowley Courts Building / Dallas. Texas / Telephone: 214 /653·5853 / Certificate No. 1236 / Expiration Date: 12 /31 /93 Pg.13 lines #11. #12. #13 Says.

"I further certify that this transcription of the Proceedings truly and correctly reflects the exhibits. if any. identified and /or admitted by the Parties."

The Relator moved for the Respondent Judge to take Judicial Notice that the statement of Facts and trial transcripts are Not subject to reasonable dispute and is capable to accurate and ready determination and the trial transcripts and statement of facts a source whose accuracy cannot reasonably be questioned. The Respondent Judge refuses to take Judicial Notice because if Respondent. respond will be aiding the Relator in his habeas corpus Proceeding because the Judically Notice Adjudicative Facts will help the Relator Prove his actual innocence.

The Relator moved Respondent Judge to take Judicial Notice that the Texas Code Crim. Proc. arts. 20.19, 20.20, 20.20.21, and 20.22 creates Protected liberty interests to safe guard against Prosecutial corruption, and that all these Liberty Interests were arbitrarily abrogated. The Relator moved Respondent Judge to take Judicial Notice of the following (s):

(1.) That 20.19 of the Tex. Code Crim. Proc. Provides that "After all the testimony which is accessible to the Grand Jury shall have given in respect to any criminal accusation. the vote shall be taken as to the Presentment of an indictment. and If Nine members concur in finding the Bill. the Foreman shall make a memorandum of the same with such data as will enable the attorney who represents the state to write the indictment."
"No Evidence" was Presented. that was accessible to the Grand Jury.
In this case the Record show that Nine members of Grand Jury Did Not concur in finding the Bill.

(2.) That 20.20 of Tex. Code Crim. Proc. Provides that:

"The Attorney Representing the State Shall Prepare all indictments which have been found with as little delay as possible, and deliver them to the Foreman, who shall sign the same officially, and said attorney shall endorse thereon the Names of the witnesses upon who testimony was found." - But that the Record in this case show that the District Attorney typed up a piece of paper and labled it an indictment in total absence of any of those procedures in 20.19 - violation of Vernons Ann. Tex. C.C.P. art. 1.15.

(3.) That 20.21 Provides:

"When the indictment is ready to be presented, the Grand Jury shall through their Foreman, Deliver the indictment to the Judge or clerk of the court. At least Nine Grand Jury members must be Present on Such." - That in this case(s) the Record show the Grand Jury members was Persuade by Prejudice to accept this "No Evidence" indictments, or that No Foreman and Nine members delievered the indictment to the Judge or clerk of the court.

(4.) That 20.22 Provides: In Pertinment Part "The Fact of a Presentment. of of indictment by a Grand Jury shall be entered upon the minutes of the court, but that in this case A /An illegal. legal Procedure was conducted the Record Donot show that a Grand Jury through their Foreman delievered the indictment with at least Nine members there with.

Respondent Judge has a ministerial duty under Code of Judicial conduct CANON 3·B·(8) to "... Accord to every Person who has a legal interest in a Proceeding... The Right to he heard according to Law..."

The Relator complains or argues that article 11.07 et. seq. and Rule 201 sets out his Rights in a Habeas Corpus Proceeding, to be heard but his right to be heard not only violates his rights under 11.07 and Rule 201 et. seq. but instedd: Respondent Judge is in violation of Canon 3·B·(8) of the codes of Judicial conduct. Relator /Applicant argues that the Supreme Court of the United States held that A /An Prisoner has absolute right to "Adequate. Effective and meaningful access to the courts to challenge their convictions" quoting, Bounds v. Smith, 97 S.ct. 1491 at 1495 and that

the "state cannot retaliate against Prisoners for exercising the constitutional Right to access to the courts" quoting, North Carolina v. Pearce, 395 U.S. 711, 725.

The Relator complains that the Respondent's actions/inactions complained of violates his First (1st.) and Fourteenth (14th.) Amendment Rights of the United States Constitution and that Respondent claimed of inactions are retaliation against him for exercising his Constitutional right of access to to court. The Respondent will continue refusing to perform his Ministerial duties unless this court issue A writ of Mandamus. to compell these Ministerial duties. In this the Relator Pray as, as following:

Wherefore, upon all premises considered:

Tex. Rules of Courts Vol. I. - state... Rule of Appellate Procedure/Proceedings in the Court of Criminal Appeals Rule 73.5 Time Frame for Resolution of claims Raised in Application within 180 days from the date of receipt of the application by the state. Filed 2014 June 4 - PM 8:07 Gary Fitzsimmon on District Clerk/Dallas County, Texas.

the convicting court shall resolve any issues that the court has timely designated for resolution. ANY motion for extension of time must be filed in the Court of Criminal Appeals before the expiration of the 180 day(s) Period dated: March 6, 2015 - Court of Criminal of Appeals of Texas. On this day dated: 7/16/2014 (July 16, 2014) the application for 11.07 Writ of Habeas Corpus has been recieved and presented to the court.

The Relator/Applicant Prays faithfully that this Court grants the following Habeas Corpus Relief also if Respondent fail to comply with a/an issuance of the Writ of Mandamus:

(1.) That this Court order the Respondent to File an Answer to this Mandamus Petition's.

(2.) That this court issue A writ of Mandamus Instructing Respondent to comply with and perform the ministerial duties imposed upon qualified Judge under article 11.07 sec. 3 et. seq. and Rule 2o1 [d] as brought out in this writ.

(3.) That if the Respondent fail to comply after issuance of a Writ of Mandamus by this court, that this court issue a Writ of Habeas Corpus to the Director of T.D.C.J. - ID and the Board of Pardons and Parole instructing them to immediately release (Discharge) the Relator/Applicant from their custody.

(4.) That this Court Grant the Relator/Applicant all other Reliefs that he's Lawfully entitled to.

Respectfully Submitted.

*Michael W Whaley*
Michael Whaley #645333
3899 St. Hwy #98
New Boston. Tx 75570
B.T.U.

Verifications.

This is to verify that Relator /Applicant swear by penalties for Perjury that the Contents in this Mandamus Petition is true and Correct.

Signed: 3 /10 /2015     *Michael W Whaley*
Michael Whaley #645333
3899 St. Hwy #98
New Boston. Tx 75570
B.T.U.

Certificate of Service.

Relator mailed a true and correct copy of the Motion For Leave to File the Mandamus Petition and the mandamus Petition to the Respondent by Placing the same in the U.S. mailbox here in Prison with Postage Paid mailed on dated: 3 /10 /2015

*Michael W Whaley*
Michael Whaley #645333
3899 St. Hwy #98
New Boston. Tx 75570
B.T.U.

Pg. 10 of ___

THE STATE OF TEXAS /

COUNTY OF DALLAS /

I, WAYNE H. OLMSTED, Official Court Reporter in and for the 282nd Judicial District Court of Dallas County, State of Texas, do hereby certify that the above and foregoing is a true and accurate transcription of the proceedings in the above entitled and numbered cause, all of which occurred in open court and were reported by me.

I further certify that this transcription of the proceedings truly and correctly reflects the exhibits if any, identified and/or admitted by the parties.

WITNESS MY HAND this the _____ day of September A.D., 1993.

WAYNE H. OLMSTED, CCR
282nd Judicial District Court
Frank Crowley Courts Building
Dallas, Texas
Telephone: 214/653-5853
Certificate No. 1238
Expiration Date: 12/31/93

WAYNE H. OLMSTED, CERTIFIED COURT REPORTER          13

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE         03/10/15
1B0F/CCL2702                 IN-FORMA-PAUPERIS DATA                14:56:18
TDCJ#: 00645333 SID#: 04576939 LOCATION: TELFORD      .. INDIGENT DTE:
NAME: WHALEY,MICHAEL DEWAYNE                BEGINNING PERIOD: 08/01/14
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:        105.80 TOT HOLD AMT:         0.00 3MTH TOT DEP:      0.00
6MTH DEP:            50.00 6MTH AVG BAL:        43.38 6MTH AVG DEP:      8.33
MONTH HIGHEST BALANCE TOTAL DEPOSITS    MONTH HIGHEST BALANCE TOTAL DEPOSITS
01/15      56.96          0.00          10/14     66.96          50.00
12/14      56.96          0.00          09/14     26.41           0.00
11/14      56.96          0.00          08/14     26.41           0.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF BOWIE
ON THIS THE 10 DAY OF MARCH ,15  I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE,AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____  OR SID NUMBER: _____

CHEQUITA
DUNBAR
Notary Public, State of Texas
My Commission Expires
10 06 2016
Notary Without Bond